UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES D. LOGAN III,     Plaintiff,

v.     Civil Action No. 3:16-cv-P195-DJH

UNKNOWN,     Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff James D. Logan III, a *pro se* prisoner, filed his complaint on a form for filing a civil-rights action pursuant to 42 U.S.C. § 1983 (DN 1). Therein, he alleged that he made several requests to file "an I.A.D. form and this facility has my paperwork so messed up they can't tell me why I can't. I'm totally done with my cases and final sentenced so they have no Legal reason to not let me file." He failed to name anyone as a defendant and failed to indicate any type of relief sought.

By Memorandum and Order entered August 18, 2016, the Court reviewed the complaint and concluded that it failed to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure (DN 8). Before dismissing the action, however, the Court gave Plaintiff 30 days within which to file an amended complaint and warned him that his failure to comply would result in dismissal of the action. On September 6, 2016, the copy of the Memorandum and Order mailed to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return to Sender," "Attempted – Not Known," and "Unable to Forward" (DN 9).

Rule 41(b) authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th

Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket sheet reveals that over a month has passed without Plaintiff providing any notice of an address change. Consequently, neither orders from this Court nor filings by Defendant can be served on him. The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

A separate Order of dismissal will be entered.

Date: October 26, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.005